[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM ORDER RE: APPLICATION OF INTERVENOR REDDING LIFE CARE, LLC TO STAY PROCEEDINGS AGAINST DEFENDANT DAVID REIS
CT Page 7339-s
For the following reasons, which the Court will more fully describe on the record in open court at its next status conference on Friday, May 18, 2001 at 9:30 a.m., the Court hereby ORDERS, under the authority of General Statutes § 52-409, that all proceedings herein pending against defendant David Reis be STAYED, until the completion of the pending arbitration between Mr. Reis' principal, Redding Life Care, LLC ("Redding"), and plaintiff, Sordoni Skanska Construction Co., Inc. ("Sordoni")
1. On December 19, 2000, Redding sought and was granted permission to intervene in this case for the limited purpose of applying for a stay of all proceedings herein pending against defendant David Reis. On that same date, Redding and Sordoni, which had previously filed opening briefs on the issues raised by Redding's application, presented oral argument and were granted additional time to file supplemental briefs in support of their respective positions. The final briefs were filed with this Court on January 11, 2001.
2. Redding's application for a stay was made under General Statutes § 52-409 and § 3 of the Federal Arbitration Act, 9 U.S.C. § 1et. seq.
3. Section 52-409 provides as follows:
 If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration.
Under that Section, the Court must stay any action as to which the applicant for a stay can establish the following facts: (1) that both the applicant and the plaintiff are parties to a written arbitration agreement; (2) that one or more issues referable to arbitration under that agreement are involved in the action sought to be stayed; and (3) that the applicant is ready and willing to proceed to arbitration on such CT Page 7339-t arbitrable issues.
4. Redding contends and Sordoni does not dispute that both are parties to a written contract to construct a project known as Meadow Ridge. Under that contract, which is entitled the Construction Management Agreement ("CMA"), Redding as "Owner" and Sordoni as "Construction Manager" established their respective rights and obligations with respect to the construction of Meadow Ridge.
5. As part of the CMA, Redding and Sordoni agreed in writing as follows to resolve all disputes arising between them by arbitration:
 Claims, disputes or other matters in question between the parties to this Agreement arising out of or relating to this Agreement or breach thereof not settled by mediation shall be subject to and decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association currently in effect.
CMA § 8.3.4. This is a classically broad arbitration provision, under which all disputes between Redding and Sordoni are presumptively arbitrable.
6. The CMA further provides as follows that, although the term Owner, as used in the contract, denominates both Redding, a limited liability company, and its members, including defendant David Reis, Sordoni's only recourse in any dispute between itself and the Owner will be against Redding, not Mr. Reis:
 The term "Owner" means the Owner or the Owner's representative. The Construction Manager shall have no right to make any claim against David Reis or any other member of the Owner for any reason arising from or relating to the Agreement. The Construction Manager's sole and only recourse is to the limited liability company which is the Owner and its property.
General Conditions of the Contract for Construction § 2.1.1. This contracted-for limitation upon Sordoni's right to pursue remedies against Mr. Reis for conduct he engaged in on behalf of Redding is restated as follows in § 17.2.2 of the CMA:
 Under no circumstances shall the Construction Manager CT Page 7339-u make any claim based on any set of facts arising from the performance of the Work under this agreement against David Reis or Donald Priest.
7. In this action, Sordoni makes four claims against David Reis (Complaint dated June 27, 2000, Counts 13, 14, 15 and 16) Each of these claims is based on conduct which Mr. Reis allegedly engaged in while working as Redding's agent on the Meadow Ridge project. Since Mr. Reis' status as Redding's agent was well known to Sordoni when each and every one of those alleged acts was performed, Sordoni's claims, though formally brought against Mr. Reis, are truly claims against Redding. Federal case law interpreting parallel provisions of the Federal Arbitration Act has routinely treated claims against employees and agents of principals who are parties to written arbitration agreements as claims referable to arbitration under the principal's agreement, where the liability of the principal can properly be predicated upon the agents' or employees' underlying conduct. See, e.g., Mosca v. Doctors Associates,Inc., 852 F. Sup. 152, 155 (E.D.N Y 1993) ("This court will not permit Plaintiffs to avoid arbitration simply by naming individual agents of the party to the arbitration clause and suing them in their individual capacity."); Letizia v. Prudential Bache Securities, 802 F.2d 1185, 1188
(9th Cir. 1986) ("All of the individual defendants' allegedly wrongful acts related to their handling of [the plaintiff's] securities accounts. [Prudential] Bache has clearly indicated its intention to protect its employees through its Customer Agreement. We conclude that the arbitration clause is applicable to [the individual defendant employees].").
8. Here, moreover, the CMA expressly contemplates that any dispute between Sordoni, as Construction Manager, and either Redding or one of its members, such as David Reis — is to be treated solely as a dispute between Sordoni and Redding, not as a dispute between Sordoni and the individual member. Any such dispute is therefore subject to arbitration between Redding and Sordoni under the terms of the CMA.
9. Finally, the record before this Court amply demonstrates that Redding is ready and willing to arbitrate the issues Sordoni has raised in this lawsuit against David Reis. Proof of such readiness and willingness to arbitrate consists of undisputed evidence that most of these very issues have been in arbitration between Redding and Sordoni for almost two years. Indeed, thirty-four separate arbitration sessions had been held on such issues by December 19, 2000.
10. In conclusion, Redding has clearly established its entitlement to CT Page 7339-v arbitrate Sordoni's claims against David Reis under the CMA between itself and Sordoni. Because it is ready and willing to arbitrate those claims at this time, it is entitled, under Section 52-409, to a stay of all claims herein pending against David Reis until the completion of the pending arbitration.
11. As for the scope of the stay in question, the Court is guided initially by the request for relief in Redding's application. Though Section 52-409, on its face, entitles a successful applicant thereunder to a stay of any action involving an issue referable to arbitration, Redding has only requested a stay of proceedings against defendant Reis. It would be imprudent for the Court to grant broader relief than that requested, especially since the party seeking such relief, and potentially benefitting therefrom, has not asked for or shown a compelling reason for broader relief. This course, moreover, is consistent with that of the federal courts in deciding applications for stay under the Federal Arbitration Act, 9 U.S.C. § 3. Since the United States Supreme Court's decision in Dean Witter Reynolds, Inc. v. Byrd, 470 U.S. 213, 221
(1985),[1] lower federal courts have made it clear that despite broader language in 9 U.S.C. § 3, they should not stay entire actions where only parts of those actions are lawfully referable to arbitration. See, e.g., Collins Aikman Products Co. v. Bldg. Systems, 58 F.3d 16, 20 (2d Cir. 1995) ("If some claims are non-arbitrable, while others are arbitrable, then we will sever those claims subject to arbitration from those adjudicable only in court. Indeed, there is no reason why, in a proper case, we cannot sever even a part of a claim, where that claim raises both arbitrable and non-arbitrable issues.")
It is so ORDERED this 11th day of May 2001.
 ___________________, J. MICHAEL R. SHELDON